1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID ANTHONY FALLON,

11          Plaintiff,                      No. CIV S-06-1220 FCD GGH PS
                                            No. CIV S-06-1229 LKK GGH PS
12                                          No. CIV S-06-1490 LKK GGH PS
          vs.                               No. CIV S-06-1493 MCE GGH PS
13                                          No. CIV S-06-1660 MCE GGH PS
                                            No. CIV S-06-1679 MCE GGH PS
14   UNITED STATES GOVERNMENT,              No. CIV S-06-1710 GEB  GGH PS

15          Defendant.                      ORDER AND
                                            FINDINGS AND RECOMMENDATIONS
16   _____/

17          Plaintiff, proceeding pro se in these actions, has requested leave to proceed *in*

18   *forma pauperis* pursuant to 28 U.S.C. § 1915.  These proceedings were referred to this court by

19   Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  While the proceedings have not

20   been related or consolidated under the Local Rules, in the interest of judicial economy, the

21   undersigned issues this order and findings and recommendations in each of the above-captioned

22   actions.

23          For each of the above-listed actions, plaintiff has submitted an affidavit making

24   the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the requests to proceed *in forma*

25   \\\\\

26   \\\\\

                                             1

1   *pauperis* will be granted.[1]

2          Plaintiff's handwritten complaints in these actions vary from one to four pages in

3   length, excluding exhibits.  Each complaint names the same defendant, "United States

4   Government."  Each complaint is largely illegible and unintelligible.  In sum, the complaint in

5   No. CIV S-06-1220 FCD EFB PS refers to a "dental lobotomy" caused from "exposure" at Napa

6   State Hospital, and demands an award of five trillion dollars.  In the complaint filed in No. CIV

7   S-06-1229 LKK EFB PS, plaintiff refers to a several seemingly unrelated things including an

8   "armed robbery/kidnap," a hospital in South San Francisco, and the removal of a sign by a sign

9   company; plaintiff also asks for an award of "five trillion dollars."  The complaint in No. CIV S-

10  06-1490 LKK EFB PS refers to the "possible impersonation of a California Superior Court

11  Judge" and seeks one trillion dollars in damages.  The complaint in No. CIV S-06-1493 MCE

12  EFB PS again refers to an "armed robbery, kidnap," and a "possible genocide" caused by

13  dumping items on the streets of San Francisco.  The complaint in No. CIV S-06-1660 MCE EFB

14  PS seeks two trillion dollars in damages and complains of a San Mateo County employee

15  "possibly making threats against the plaintiff."  The plaintiff demands one hundred fifty trillion

16  dollars in the complaint filed in No. CIV S-06-1679 MCE EFB PS, and refers to San Mateo

17  County's refusal to file a restraining order against its employees.  The complaint in No. CIV S-

18  06-1710 GEB EFB PS alleges that plaintiff "feels that the county attorney will file criminal

19  treason charges" against him, and seeks an award of two hundred trillion dollars.

20  \\\\\

21  \\\\\

22  \\\\\

23

24      [1]  The court notes that plaintiff failed to file the last page of the application to proceed *in
    forma pauperis* in case number CIV S-06-1679 MCE EFB PS.  However, based on the reasons
25  cited in this opinion, the court declines to order plaintiff to file a completed application.  The
    court finds it would be futile to have plaintiff complete that application, and instead deems the
26  application granted and recommends dismissal of the action.

2

1    In any event, just as in the other complaints filed by plaintiff during the past year

2 or so,[2] no basis of federal jurisdiction is alleged.  A federal court is a court of limited jurisdiction

3 and may adjudicate only those cases authorized by the Constitution and by Congress.  Kokkonen

4 v. Guardian Life Ins. Co, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28

5 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.

6 Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S.

7 Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S.

8 Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter

9 and confers federal jurisdiction.  Baker v. Carr, 369 U.S. 186, 198 (1962).  A case presumably

10 lies outside the jurisdiction of the federal courts unless demonstrated otherwise.  Kokkonen, 511

11 U.S. at 376-78.  Lack of subject matter jurisdiction may be raised at any time by either party or

12 by the court.  Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th

13 Cir. 1996).

14    In none of the above-captioned actions has plaintiff invoked a federal right or

15 claim, nor has he plead diversity or any other facts to show that this court has subject matter

16 jurisdiction over his claims.  Thus, the court finds that no subject matter jurisdiction exists in any

17 of these actions and recommends that they be dismissed.  Based on plaintiff's history of filing

18 frivolous claims, granting leave to amend would be futile and a further drain on the court's scarce

19 resources.[3]

20 \\\\\

21 \\\\\

22

23    [2] Recent complaints filed by plaintiff include, but are not limited to: No. Civ. S-05-0509 MCE DAD PS; No. Civ. S-05-1431 LKK DAD PS; No. Civ. S-05-2132 MCE DAD PS; No. Civ. S-05-2228 MCE DAD PS; No. Civ. S-06-0416 MCE DAD PS; No. Civ. S-06-1030 LKK DAD

24 PS; No. Civ. S-06-1292 GEB DAD PS; No. Civ. S-06-1402 GEB DAD PS; No. Civ. S-06-1492 MCE DAD PS; and, No. Civ. S-06-1494 DFL DAD PS.

25

26    [3] On September 29, 2006, in case No. Civ. S-06-1227 GGH FCD PS, the undersigned issued findings and recommendations that plaintiff be declared a vexatious litigant.

3

1    Accordingly, IT IS ORDERED that:

2    1. Plaintiff's requests for leave to proceed *in forma pauperis* in the above-

3    captioned actions are granted.

4    2. The Clerk of the Court is directed to file and serve this Order and Findings and

5    Recommendations in each of the above-listed actions.

6    IT IS RECOMMENDED that:

7    1. These matters be dismissed for lack of subject matter jurisdiction. <u>See</u> Fed. R.

8    Civ. P. 12(h)(3).

9    2. The Clerk be directed to close these cases.

10   These findings and recommendations are submitted to the United States District

11   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

12   after being served with these findings and recommendations, plaintiff may file written objections

13   with the court.  Such a document should be captioned "Objections to Magistrate Judge's

14   Findings and Recommendations."  Failure to file objections within the specified time may waive

15   the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir.

16   1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

17   DATED: 10/25/06

                                          /s/ Gregory G. Hollows
18                                         _____
                                          U.S. Magistrate Judge
19

     fallon.efb
20

21

22

23

24

25

26

4